UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| CODY SMITH, | ) |
| --- | --- |
| *Plaintiff*, | ) |
| | ) Case No. 3:23-CV-42-CLC-JEM |
| v. | ) |
| | ) |
| JASON PABON, | ) |
| ERIC FRAILLEY, and | ) |
| ADAM SOUTHERN, | ) |
| | ) |
| *Defendants*. | ) |

## **M E M O R A N D U M**

Plaintiff Cody Smith is a prisoner proceeding *pro se* and *in forma pauperis* in a civil rights action brought under 42 U.S.C. § 1983 [*See* Docs. 1, 2, 11]. Pursuant to the Court's May 30, 2023, Order, Plaintiff was required to file an amended complaint within twenty-one days of the entry of the Order [Doc. 11 at 9]. Plaintiff subsequently sought and was granted an extension until July 14, 2023, to file his amended complaint [Doc. 13]. That deadline has passed, and Plaintiff has not complied with the Court's Order.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for a failure of the plaintiff "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); s*ee also Rogers v. City of Warren*, 302 F. App'x. 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the

dismissed party was warned that failure to cooperate could lead to dismissal; and
(4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

First, Plaintiff's failure to timely comply with the Court's Order was due to Plaintiff's willfulness or fault. Plaintiff has chosen not to comply with the Court's Order or seek a further extension of time to do so. Second, the Court finds that Plaintiff's failure to comply with the Court's Order has not prejudiced Defendants because they have not yet been served. Third, the Court's Order expressly warned Plaintiff that a failure to timely submit an amended complaint would result in the dismissal of this action [Doc. 11 at 9]. Finally, the Court concludes that alternative, less drastic sanctions are not warranted because Plaintiff has failed to comply with the Court's clear instructions.

Moreover, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Plaintiff's *pro se* status did not prevent him from complying with the Court's Order, and Plaintiff's *pro se* status does not mitigate the balancing of the Rule 41(b) factors.

Accordingly, this action will be **DISMISSED** for failure to state a claim upon which § 1983 relief may be granted and for failure to prosecute and to comply with the Court's order.

The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a).

**AN APPROPRIATE ORDER WILL ENTER.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**